```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

DANNY LUKE AND
S.J. BEAULIEU, JR.                                  CIVIL ACTION

V.                                                  NO. 15-2095

LOUISIANA LAND AND
EXPLORATION COMPANY, LLC, ET AL.                    SECTION "F"

                          ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the following reasons, the motion is GRANTED.

**Background**

This is a maritime personal injury case. In June 2014, the plaintiff's skiff struck a submerged piling when he was checking his crab cages near Four Island Dome. He fell and sustained injuries to his head, neck, back and other areas; his skiff was also damaged. The plaintiff alleges that his accident was caused by the negligence of the defendants. Since July 2010, Hilcorp has held mineral leases in the Four Island Dome Field.[1]

The defendants move for summary judgment, contending they did not own, control, maintain, or place the piling that struck the plaintiff's skiff. In the alternative, the defendants submit that Hilcorp purchased any and all mineral interests in the Four Island

---

[1] The Court reiterates and adopts these undisputed facts, which were already stated by the Court in an Order and Reasons dated April 20, 2015, from civil action No. 14-1549, Danny Luke v. Hilcorp Energy Company and Roustabouts, Inc..

1

Dome Field in 2010, before the plaintiff's accident, and therefore move this Court to alternatively dismiss the plaintiff's claims against LL&E, Burlington, Conoco, and Exxon.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d

2

646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The alleged incident in this case occurred in navigable waters, giving this Court admiralty jurisdiction. See Branch v. Schumann, 445 F.2d 175, 177-78 (5th Cir. 1971). A private party assumes liability for damages resulting from a collision of a boat with an obstruction in navigable waters when it has ownership, custody, control, or is responsible for the placement of the obstruction in navigable waters. See Creppel v. Shell Oil Co., 738 F.2d 699, 701 (5th Cir. 1984); Savoie v. Chevron Texaco, No. 04-1302, 2006 WL 2795460, at *2 (E.D. La. Sept. 27, 2006).

Here, the plaintiff speculates the existence of disputed facts to create a genuine issue of material fact. The plaintiff focuses on the fact that Hilcorp had a piling removed in the alleged vicinity of the plaintiff's accident after the incident occurred. The only evidence in the record to support the allegation

that the piling Hilcorp removed was in fact the piling the plaintiff struck, is testimony that the piling was from an area allegedly where the accident occurred and placed on a bank within Hilcorp's leased premises. No witness testified that it was undoubtedly the same piling struck by the plaintiff; the plaintiff and others who helped him at the time of the accident took no efforts to mark the particular piling he struck. Moreover, the piling removed from the alleged area did not have any markings to indicate it belonged to Hilcorp. Therefore, the plaintiff merely presents rank speculation that more likely than not the piling was under the control of Hilcorp because it was a few hundred feet away from its facility and the accident allegedly occurred within its leased premises.

The record submitted to the Court reflects that at no time since Hilcorp acquired this lease in 2010 has it installed or owned anything in the alleged vicinity of the plaintiff's accident. To reiterate this Court's previous statements in a strikingly similar Order and Reasons related to this very same incident, a lessee "owes no duty toward those using the navigable waterways to clear away obstructions that it does not own, has not placed there, or does not maintain there under its control." Creppel, 738 F.2d at 702.[2]

---

[2] The Court draws counsel's attention to 28 U.S.C. § 1927.

The plaintiff relies heavily on Punch v. Chevron USA, Inc., No. 12-388, 2012 WL 5289379 (E.D. La. Oct. 24, 2012) (Lemelle, J.), where the court denied summary judgment. In Punch, the court found a genuine issue of material fact as to whether the defendant owned, controlled, or placed the piling at issue, because a civil engineer and land surveyor stated that it was likely that the piling was once a part of a Texaco facility that the defendant later acquired. Punch is of no help. Here, there is nothing of record that Hilcorp owned or controlled the piling. The record reflects only that Hilcorp leased the waterway in which the piling existed and worked in the same general area, evidence insufficient to establish liability under Creppel.

Accordingly, IT IS ORDERED that the defendants' motion for summary judgment is hereby GRANTED, and the case is DISMISSED with prejudice.

New Orleans, Louisiana, January 11, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE